```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
DERRICK M. KING                            :    CASE NO. 5:07-cv-00042
                                           :
         Plaintiff,                        :
                                           :
vs.                                        :    ORDER & OPINION
                                           :    [Resolving Doc. 9]
MARK W. DANN,                              :
SHERRI BEVAN WALSH, and                    :
DOUGLAS J. POWLEY                          :
                                           :
         Defendants.                       :
                                           :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Sherri Bevan Walsh files this motion to dismiss on the grounds that this Court must abstain from deciding this case under the *Younger* doctrine because of an ongoing state court case. For the reasons stated below, the Court **GRANTS** the motion to abstain, and **DISMISSES** the case.

**I. Background**

On January 9, 2007, Plaintiff Derrick M. King sued Defendant Mark W. Dann, Attorney General for the State of Ohio, Defendant Sherri Bevan Walsh, Summit County Prosecutor and Defendant Douglas J. Powley, Akron Chief City Prosecutor, in their official capacities under 42 U.S.C. § 1983 to enjoin enforcement of Ohio Revised Code Section 2950.34, a law that prohibits sex offenders from residing within 1,000 feet of a school, against him.

Earlier and on September 18, 2006, Defendant Walsh filed a complaint against Plaintiff King

Case No. 5:07-CV-00042
Gwin, J.

in state court seeking an injunction that King vacate his home because it was within 1,000 feet of a school. [Ex. A]. King filed an answer where he asserted his constitutional claims and moved for a temporary restraining order and permanent injunction [Ex. B at 6; Ex. D].

## II. Standard of Review

"Abstention from jurisdiction is the exception, not the rule." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 638 (6th Cir. 1990). Nevertheless, *Younger* abstention is required where, without bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked to restrain state criminal proceedings or state noncriminal judicial proceedings where important state interests are involved. *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423 (1982).

To invoke the *Younger* doctrine, a party must make three showings: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

## III. Analysis

The Court finds this case meets all three requirements needed to abstain. The state judicial proceedings began months before this action commenced. The proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed. *Id.* The state proceeding's docket provided shows activity occurring both before and after this case commenced. [Ex. C] The Court, therefore finds the state judicial proceedings on-going.

The Court further finds there are important state interests involved. "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close

Case No. 5:07-CV-00042
Gwin, J.

relationship to proceedings criminal in nature. Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Middlesex County Ethics Comm.*, 457 U.S. at 432 (citations omitted). Here the state-court proceedings bear a substantial similarity to criminal proceedings. Even if they did not, the Sixth Circuit has ruled it "indisputable that state governments have important interests in seeking to secure the safety of their minor citizens." *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1489 (6th Cir. 1995).

Finally, the state court defendant King has an adequate opportunity to raise constitutional challenges in the state court proceeding. Indeed, he has done so. King's answer to the state complaint show he pled the unconstitutionality of the Ohio's scheme as an affirmative defense and he also filed for a temporary restraining order and preliminary injunction.

Proceeding in this case, therefore, would offend the notions of comity and federalism discussed in *Younger*.

### IV. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Defendant's motion to dismiss and **DISMISSES** the case.

IT IS SO ORDERED.

Dated: August 24, 2007          s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE